UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFRED R. KLOSS,
DIANA C. KLOSS,

Plaintiffs,

Case No. 13-12833
Honorable Thomas L. Ludington

v.

RBS CITIZENS N.A., successor
in interest to CCO Mortgage Corp.,

Defendant.
_______________________________/

**OPINION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND STAYING DISCOVERY**

On June 28, 2013, Alfred and Diana Kloss filed a complaint against RBS Citizens N.A. alleging that they own, in fee simple, the property located at 7273 Birch Run Road in Birch Run, Michigan. Accordingly, the Klosses assert that RBS "did not have standing to foreclose" on the property. Pls.' Compl. ¶ 8, ECF No. 1.

On July 19, 2013, RBS filed a motion to dismiss the complaint. RBS argues that it previously "initiated summary proceedings in the 70th District Court in Michigan and obtained a Judgment of Possession," and that "this Court does not have subject matter jurisdiction to review the state court decision." Def.'s Mot. Dismiss 1–2, ECF No. 9. The motion to dismiss was referred to United States Magistrate Judge Charles E. Binder. On September 18, 2013, Judge Binder issued a report recommending that RBS's motion be granted and the Klosses' complaint be dismissed. That report is currently under consideration.

Subsequent to Judge Binder's report, on September 27, 2013, RBS filed a motion for a protective order. RBS indicates that the Klosses "have served numerous vexatious and ill-timed

sets of discovery requests" upon it. Def.'s Mot. Prot. Order 1, ECF No. 16. RBS argues that the discovery requests are premature "as the parties have yet to conduct a Rule 26(f) conference and [RBS] has not filed an answer." *Id*. The Klosses filed a response to RBS's motion for a protective order indicating that they "are entitled to discovery in this case." Pls.' Resp. 3, ECF No. 18.

While the Klosses will likely be entitled to discovery if the case moves beyond RBS's motion to dismiss, the case has yet to go that far. In fact, the case has not even reached the point where discovery is permissible. RBS's motion will be granted.

A stay of discovery is a matter ordinarily committed to the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*. 643 F.2d 1229, 1240 (6th Cir. 1981). Indeed, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

Here, RBS has not answered the Klosses' complaint, and the parties have yet to conduct a Rule 26(f) conference. Federal Rule of Civil Procedure 26 establishes that "[a] party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1) (emphasis added). Because the parties have yet to conduct a Rule 26(f) conference, discovery is not permitted at this point.

Further supporting this conclusion is the fact that RBS's motion to dismiss is currently pending. When considering a motion to dismiss, the Court "must accept all well-pleaded factual allegations of the complaint as true[.]" *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005) (citation omitted). It follows that the Klosses do not yet need discovery to prove up their factual allegations. Moreover, if RBS's motion to dismiss is granted, it will

render the Klosses' discovery requests moot. And, even if the Court does not dismiss the Klosses' claims entirely, a resolution of the motion to dismiss may narrow the causes of action and the relevant issues involved in this lawsuit, making any subsequent discovery more efficient.

Accordingly, it is **ORDERED** that RBS's motion for a protective order, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that discovery is **STAYED** pending resolution of RBS's pending motion to dismiss.

Dated: October 24, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Alfred and Diana Kloss, 7273 Birch Run Road, Birch Run Township, MI 48415 by first class U.S. mail, on October 24, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS