UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFRED R. KLOSS
DIANA C. KLOSS,

                 Plaintiffs,

                                  Case Number: 13-12833
v.                                 District Judge Thomas L. Ludington

RBS CITIZENS, N.A., Successor in
Interest to CCO Mortgage Corp.,

                 Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS, ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs Alfred R. Kloss and Diana C. Kloss commenced this case against Defendant RBS Citizens N.A., successor in interest to CCO Mortgage Corp. They allege that Defendant has improperly foreclosed upon and taken title to their home.

Plaintiffs filed their complaint on June 28, 2013, followed by a motion for a preliminary injunction on July 11. On July 15, the Court referred the case to United States Magistrate Judge Charles Binder for general case management. Four days later, Defendant filed a motion to dismiss. Plaintiffs responded to the motion on August 16, and Defendant replied on September 6.

On September 18, 2013, Judge Binder issued a report recommending that the Court grant Defendant's motion to dismiss Plaintiffs' complaint and deny Plaintiffs' motion for a preliminary injunction. *See* Report & Rec., ECF No. 15. Plaintiffs were given fourteen days to file any objections to the report, which they did. In addition to their objections, Plaintiffs assert that their right to due process and their right to a jury trial have been violated by this Court. Furthermore,

Plaintiffs request that the "final judgment of this Court should be vacated under [Federal Rules of Civil Procedure] Rule 60(B)." Pls.' Objs. Report & Rec. 15, ECF No. 17.

The Court reviews Judge Binder's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3). Upon review, Judge Binder correctly determined that because the statutory redemption period has expired, Plaintiffs no longer have any interest in the property and may not make any claims related to the property. Judge Binder was also correct in that Plaintiffs have failed to meet the high bar set by state law for extending the statutory redemption period, and that even if Plaintiffs could make any claims against Defendant, they have failed to state any claims upon which the Court could grant relief. In addition, Judge Binder's other conclusions—that the Court should grant Defendant's motion to dismiss and that the Court should deny Plaintiffs' motion for a preliminary injunction—are sound. Accordingly, the Court will overrule Plaintiffs' objections, adopt Judge Binder's report and recommendation, grant Defendant's motion to dismiss, and deny Plaintiffs' motion for a preliminary injunction. Furthermore, the Court finds that Plaintiffs' right to due process and right to a jury trial were not violated. Finally, because Plaintiffs' motion for reconsideration comes before there is a final judgment, the motion is premature and will be denied.

# I

Plaintiffs' property is located at 7273 Birch Run Road in Birch Run Township, Michigan. Pls.' Compl. Ex. B at 4, ECF No. 1. On October 21, 2005, Plaintiffs entered into a mortgage and executed a promissory note with CCO Mortgage Corp. for $825,000. Def.'s Mot. Dismiss Exs. 1, 2, ECF No. 9. On September 1, 2007, Defendant became the successor to CCO Mortgage Corp. through a merger of various banking institutions. Def.'s Mot. Dismiss Ex. 3.

Plaintiffs defaulted, foreclosure by advertisement proceedings were commenced, and Defendant purchased the subject property on January 27, 2012. Def.'s Mot. Dismiss at 12, Ex. 4 at 1. The one-year statutory redemption period expired on January 27, 2013, without Plaintiffs' having redeemed the property.

On February 19, 2013, Defendant filed an action in the 70th District Court for the State of Michigan to gain possession of the subject property. Def.'s Mot. Dismiss Ex. 5. After a hearing, the 70th District Court entered a judgment of possession in favor of Defendant. Def.'s Mot. Dismiss Ex. 6. On March 5, Plaintiffs appealed to the 10th Circuit Court for the State of Michigan, i.e., the Saginaw County Circuit Court, and on that same day, the court stayed the judgment of possession. Def.'s Mot. Dismiss at 13, Exs. 7-9.

On March 6, 2013, Plaintiffs filed a complaint in this Court. E.D. Mich. Case No. 1:13-cv-11025. The following month, Plaintiffs filed a similar action in the Saginaw County Circuit Court, which Defendant removed to this Court. E.D. Mich. Case No. 1:13-cv-11903. The actions were consolidated on May 13, 2013, by stipulation and later dismissed without prejudice. Def.'s Mot. Dismiss 14. Therefore, this action is the only action between the parties regarding this subject property.

## II

The standard of review applicable to a magistrate judge's report and recommendation depends on whether a party files objections. The Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Court, however, "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R.

Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record. *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Overly broad objections do not satisfy the objections requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The objections must be clear enough that the Court can "discern those issues that are dispositive and contentious." *Id.* Objections that merely challenge the correctness of the magistrate's recommendation but fail to specify what findings were erroneous are insufficient. *Id.*

In addition, parties may not add new claims in an objection to a report and recommendation: "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, . . . it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted . . . ." In deciding such a motion to dismiss, the Court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim survives this motion where its factual allegations are enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008) (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted) (alterations omitted). Although it must accept well-pleaded facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

If parties present matters outside of the pleadings to the Court in a Rule 12(b)(6) motion, under Rule 12(d), the motion must be treated as a Rule 56 motion for summary judgment. However, documents attached to a motion to dismiss that are referred to in the complaint and central to the claims are deemed to form part of the pleadings. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Armengau v. Cline*, 7 Fed. App'x 336, 344 (6th Cir. 2001). Furthermore, a court "may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

## III

After reviewing Plaintiffs' objections, it appears Plaintiffs have not formally objected to Judge Binder's determination that the statutory redemption period has expired, and thus their interest in the property has been extinguished. However, Plaintiffs challenge the foreclosure on the merits, and so the Court will review their argument that the statutory redemption period should be extended.

Plaintiffs objected to Judge Binder's finding that Defendant is entitled to dismissal of the following claims: those related to the laws against fraud and "dual tracking," the home affordable mortgage program (HAMP), the law governing real estate mortgage investment conduit (REMICs), the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), section 750.249(3) of the Michigan Compiled Laws, section 750.248(4) of the Michigan Compiled Laws, and section 2.149(c) of the Michigan Compiled Laws. Plaintiffs also assert that their right to due process has been violated by Defendant and by this Court, and that Plaintiffs are entitled to a jury trial. Pls.' Objs. Report & Rec. 15. The Court will address each of these objections in turn.

## A

Michigan law grants a mortgagor of residential property that has been foreclosed by advertisement a statutory redemption period of one year.[1] Mich. Comp. Laws § 600.3240(13). "When the redemption period expires, the purchaser of the sheriff's deed is vested with 'all the right, title, and interest' in the property," *Carmack v. Bank of N.Y. Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (quoting Mich. Comp. Laws § 600.3236), and "all of [the] plaintiff's rights in and title to the property [are] extinguished," *Overton v. Mortg. Elec. Registration Sys.*, No. 248950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). After the expiration of the redemption period, Michigan law does not permit property owners to make claims related to the foreclosed property. *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952 (6th Cir.) (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942);

---

[1] The general statutory redemption period is one year. Mich. Comp. Laws § 600.3240(13). But "if the amount claimed to be due on the mortgage at the date of the notice of foreclosure is more than 66-2/3% of the original indebtedness secured by the mortgage, the redemption period is 6 months." *Id.* § 600.3240(8). From a review of the exhibits, it is unclear whether the proper redemption period here is six months or one year. However, the Court notes that Defendant, which presumably would prefer a six-month redemption period over a one-year redemption period, implies that the redemption period is one year. *See* Def.'s Mot. Dismiss 2, 9 ("Defendant purchased the Property at a Sheriff's Sale on January 27, 2012. . . . Here, the statutory redemption period expired on January 27, 2013."). But whether the redemption period is six months or one year does not change the relevant analysis.

*Overton*, 2009 WL 1507342, at * 1), *abrogated on other grounds by Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012). In addition, the redemption period may not be extended unless there is a "clear showing of fraud[] or irregularity." *Overton*, 2009 WL 1507342, at *1 (citing *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

Some courts have framed the requirement that mortgagors redeem their property within the statutory period as an issue of standing. *See, e.g.*, *id.* Other courts have instead characterized the requirement as a merits issue. *See Langley v. Chase Home Fin. LLC*, No. 1:10-cv-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011) (noting that a plaintiff in such a situation "certainly seems" to have standing for purposes of Article III of the Federal Constitution and characterizing the state-law redemption period as a merits issue); *Evans v. LNV Corp.*, No. 12-12287, 2012 WL 4048880, at *3 (E.D. Mich. Sept. 13, 2012) (citing *Langley*). A subsequent unpublished Sixth Circuit opinion supports the latter view: "[The Michigan holdings] do[] not turn on [the] standing doctrine"; rather, "[i]t is more accurate to say that the 'fraud or irregularity' claims in *Overton*, [*Awad v. General Motors Corp.*, No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012)], and [*Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424 (Mich. Ct. App. Apr. 12, 2007),] lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 427-29 (6th Cir. 2013) (disagreeing with *Overton* and characterizing plaintiff as having a "cause of action" under state law). Because a post-foreclosure suit "test[s] the validity of the sale," the Court agrees that the issue is best characterized as one regarding the merits of a plaintiff's case rather than standing. *See Reid v. Nusholtz*, 249 N.W. 831, 832 (Mich. 1933).

In addition, regardless of "[w]hether the failure to make this showing is best classified as a standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this high standard" of fraud or irregularity "in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013) (internal quotation marks omitted). Furthermore, the fraud or irregularity must relate to the foreclosure proceeding itself. *El-Seblani*, 510 F. App'x at 429 (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000)).

Moreover, even if a plaintiff can show that there has been fraud or irregularity in the foreclosure proceeding, such a defect renders the foreclosure voidable rather than void. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). And because such a sale is voidable, in order to set aside the foreclosure, a plaintiff must demonstrate that he or she was "prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice," a plaintiff must show that he or she "would have been in a better position to preserve [his or her] interest in the property absent defendant's noncompliance with the statute." *Id.*

## B

### 1

Here, Plaintiffs have not challenged the fact that they defaulted, that Defendant properly instituted foreclosure by advertisement proceedings against them, or that Defendant purchased the subject property on January 27, 2012. Plaintiffs also did not redeem the property before the expiration of the one-year statutory redemption period.[2] Thus, absent extenuating circumstances, any interest Plaintiffs had in the property has been extinguished.

---

[2] Although Plaintiffs claim that they did attempt to make an agreement to redeem the property, Plaintiffs made these factual allegations in their objection to Defendant's motion to dismiss. *See* Pls.' Obj. Def.'s Mot. Dismiss Aff. 2, ¶ 8; 3, ¶ 133. "However, it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Because Plaintiffs did not

**2**

As previously noted, the statutory redemption period may be extended if Plaintiffs can show that there was fraud or irregularity in the foreclosure proceeding. *See Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969). Under Michigan law, in order to establish a claim for fraud, a plaintiff must demonstrate that (1) the defendant made a material misrepresentation; (2) it was false; (3) when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) he made it with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance upon the false misrepresentation; and (6) the plaintiff thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). Each element must be proved by the plaintiff by clear, satisfactory, and convincing evidence. *Youngs v. Tuttle Hill Corp.*, 128 N.W.2d 472, 473 (Mich. 1964).

Furthermore, besides meeting the high standard of showing fraud or irregularity under state law, alleging fraud is subject to a heightened pleading standard under federal law. Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead the circumstances constituting fraud "with particularity." A plaintiff's complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998). At a minimum, a plaintiff must allege the time, place, and

---

allege these facts in their complaint, the allegation is waived. In addition, even if Plaintiffs had alleged these facts in their complaint, the statute of frauds prohibits oral agreements for the purchase of real estate. *See* Mich. Comp. Laws § 566.108. Finally, even if the agreement were alleged in the complaint, insofar as Plaintiffs allege the agreement was written, they have failed to attach the written agreement to any pleading submitted to the Court. The Court cannot consider the contents of a written agreement without viewing the written agreement. *See Abbas v. Bank of Am. N.A.*, No. 1:12-CV-607, 2013 WL 1340309, at *5 (E.D. Mich. Mar. 29, 2013).

contents of the misrepresentations upon which he or she relied. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

**a**

Here, Plaintiffs have not demonstrated that there was any fraud or irregularity in the foreclosure proceedings. Insofar as Plaintiffs allege a defect, they fail to show that any defect rose to the level of fraud or otherwise relates to the foreclosure process. Plaintiffs argue that they "would have been in better position to preserve the interest in the property absent defendant's Non-Compliance with the [loan modification] statu[t]e." Pls.' Objs. Report & Rec. 5. Plaintiffs also present affidavits and exhibits that in their view show that Plaintiffs dutifully submitted documents requesting a loan modification. *See, e.g.*, Pls.' Compl. Ex. D. But Plaintiffs' evidence relates to Defendant's supposed failure to give Plaintiffs a loan modification, not any irregularity in the foreclosure process, and Defendant has no legal obligation to provide a loan modification. *See Duff v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-12474, 2012 WL 692120, at *5 (E.D. Mich. Feb. 29, 2012) ("HAMP imposes no duty on [a] mortgage lender to modify [a] mortgage even if the borrower meets modification requirements."). At most, Plaintiffs—in their response to Defendant's motion to dismiss, not their complaint—allege the elements of fraud scantily clad in nothing more than legal conclusions. *See* Pls.' Obj. Def.'s Mot. Dismiss 11, ECF No. 13. These bare legal conclusions are insufficient to show that there was any fraud or irregularity in the foreclosure proceeding.

In addition, although Plaintiffs spend many pages alleging that Defendant has violated "dual tracking," any such violations relate to the loan modification process rather than the foreclosure process. Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification. *See Jolley v.*

-10-

*Chase Home Finance, LLC*, 153 Cal. Rptr. 3d 546 (Ct. App. 2013) (discussing dual tracking under California law). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Id.* at 572.

Michigan has taken steps to ban the practice of dual tracking. In particular, section 600.3205a(e) of the Michigan Compiled Laws requires a lender to wait 90 days before commencing foreclosure proceedings against a borrower who has requested a meeting with the lender, which Defendant appears to have complied with. *See* Pls.' Compl. Ex. D. As stated above, however, any alleged dual tracking violations relate to the loan modification process rather than the foreclosure process. Furthermore, the only remedy for a violation of the loan modification process is a conversion of the foreclosure by advertisement into a judicial foreclosure, which must have occurred before the foreclosure by advertisement was completed. *Adams v. Wells Fargo Bank, N.A.*, No. 11–10150, 2011 WL 3500990, at *4 (E.D. Mich., Aug. 10, 2011) (citing Mich. Comp. Laws § 600.3205c(8)). A borrower may not set aside or avoid a completed foreclosure. *Id.*

Thus, even if Plaintiffs' dual tracking allegations are true, their only remedy would have been for a conversion of the foreclosure by advertisement. But now that the foreclosure is complete, Plaintiffs no longer have a legal remedy. Contrary to Plaintiffs' assertion, "Dual Tracking is" not "enough grounds for a request and relief." *See* Pls.' Obj. Def.'s Mot. Dismiss 7.

**b**

Furthermore, Plaintiffs have failed to comply with Federal Rule of Civil Procedure 9(b)'s special requirement for fraud. In their complaint, Plaintiffs allege nothing more than that "the document stating to be the Affidavit of purchase at foreclosure sale and named as such is fraud

on its face," and that "inducing Plaintiff to believe that he would get a loan modification was fraudulent inducement by the Defendants[]." *See* Pls.' Compl. 4, ¶ 19; 5, ¶ 22. Such allegations fall far short of the heightened pleading standard for fraud. Even Plaintiffs' other briefs fail to meet this heightened pleading standard.

Because Plaintiffs have not shown that any fraud or irregularity relating to the foreclosure process, let alone plead such fraud with particularity, Plaintiffs have not met the high bar to extend the statutory redemption period.

**3**

Importantly, even if there had been fraud or irregularity in the foreclosure proceeding, such a defect would render the foreclosure voidable rather than void. *See Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). And because the sale is merely voidable, in order to set aside the foreclosure sale, plaintiffs must show that they were "prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* Courts have consistently held that when plaintiffs defaulted on their loans, received proper notice of default, failed to show they had the funds to outbid the highest bidder at the foreclosure sale—let alone pay the entire unpaid balance owing on the loan—and made no attempt to redeem the property during the redemption period, they cannot show prejudice. *See, e.g., Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11–14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL 1094333, at *8 (E.D. Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11–cv–10204, 2012 WL 1033598, at *8 (E.D. Mich. Mar. 27, 2012).

-12-

Here, Plaintiffs have not demonstrated prejudice. Plaintiffs have not challenged the fact that they defaulted on their loan, nor have they contended that they were unaware that their property was scheduled for a foreclosure sale. Furthermore, Plaintiffs have not alleged that they attempted to redeem the property, other than advancing a proposed agreement that was never consummated and that they failed to mention in their complaint. *See* Def.'s Reply Pls.' Obj. Def.'s Mot. Dismiss 5, ECF No. 14. Plaintiffs have not shown that they would have been in a better position if Defendant had not allegedly violated the statute governing foreclosure procedures.

In sum, Plaintiffs have failed to show that there was fraud or irregularity in the foreclosure proceeding sufficient to extend the statutory redemption period. They have also failed to plead their claim of fraud with particularity. Furthermore, they have failed to show that they would have been prejudiced by any such fraud or irregularity. Consequently, Plaintiffs have not shown any circumstance that would merit extending the one-year statutory redemption period. Thus, Plaintiffs no longer have any interest in the subject property and may not make any claims regarding the property against Defendant.

## IV

Because Plaintiffs no longer have an interest in the subject property, they may not make any claims regarding the property against Defendant. But even if Plaintiffs had an interest in the property, they have failed state any claims upon which the Court could grant relief.

## A

Plaintiffs object to Judge Binder's recommendation that Defendant's motion to dismiss be granted as to any claim brought under HAMP. Plaintiffs devote many pages of their objection discussing alleged HAMP violations by Defendant. *See* Pls.' Objs. Report & Rec. 6-7, 9-10, 14-

15. However, even if these violations are true, HAMP does not create a private cause of action; rather, lawsuits against such purported violations must be brought by the government. *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at \*6 (E.D. Mich. Feb. 16, 2012). Thus, Plaintiffs have failed to state a claim upon which the Court could grant relief.

B

In Plaintiffs' objections under the "REMIC" heading, it is unclear what the objection actually is: "Michigan Comp. Laws Sec 555.5 does not apply here, because the trust did not exist- REMIC Violation – also a true case of a lien that does not exist, is grounds for extinguishing the interest if any, or is invalid." Pls.' Objs. Report & Rec. 7 (no alterations). One reading is that Plaintiffs are agreeing with Judge Binder that there is no trust, and thus, no REMIC violation. Another reading is that Plaintiffs are analogizing Judge Binder's explanation that there is no trust to Plaintiffs' argument that there is no lien. *See* Report & Rec. 14-15. But even assuming there is no lien, section 555.5 of the Michigan Compiled Laws would still be inapplicable because the existence or nonexistence of a lien is outside of the purview of section 555.5.

Although Judge Binder's report and recommendation discusses Defendant's motion to dismiss Plaintiffs' REMIC claims in terms of section 555.5 of the Michigan Compiled Laws, a more thorough analysis would also include 26 U.S.C. §§ 860A-G because these are the sections of the law governing "Tax Violations[s]" to which Plaintiffs refer in their complaint and to which Defendant refers in its motion to dismiss. *See* Pls.' Compl. 5-6; Def.'s Mot. Dismiss 17-18. However, even under these sections, Plaintiffs' REMIC claim fails. "[T]here is no private right of action available to challenge any perceived violation of 26 U.S.C. §§ 860A-G." *Mohlman v.*

-14-

*Long Beach Mortg.*, 2013 WL 490112, at *5 (E.D. Mich. Feb. 8, 2013). In any event, "violating

the REMIC rules does not establish a defect in ownership of the mortgage," *see id.* (citing

*Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp.

2d 724, 748 (E.D. Mich. 2010)), and thus, Defendant would still rightfully own the subject

property. Consequently, here too Plaintiffs have failed to state a claim upon which the Court

could grant relief.

C

Plaintiffs' objection to Judge Binder's TILA analysis is nearly incomprehensible:

> Defendant states [DUAL TRACKING] is irrelevant [even] if the claim may relate
> to The National Mortgage Settlement, and then states the "borrowers do not have
> a cause of action," is misleading". Not that an agreement was reached, and that
> the statue of fraud prohibits oral agreements regarding loan modifications related
> to real property. Which means [TILA] is not time barred.

Pls.' Objs. Report & Rec. 4 (no alterations). Some courts have not looked kindly upon

incomprehensible briefs. *See, e.g.*, *In re King*, No. 05-56485-C, 2006 WL 581256 (Bankr. W.D.

Tex. Feb. 21, 2006) ("The court cannot determine the substance, if any, of the Defendant's legal

argument, nor can the court even ascertain the relief that the Defendant is requesting. The

Defendant's motion is accordingly denied for being incomprehensible."). Insofar as Plaintiffs

made an objection, Judge Binder correctly suggested that Plaintiffs' action falls outside the one-

year limitations period for TILA claims. *See* 15 U.S.C. § 1640(e). Plaintiffs entered into a

mortgage and signed a promissory note with CCO Mortgage Corp. on October 21, 2005. Def.'s

Mot. Dismiss Exs. 1, 2. Defendant became the successor to CCO Mortgage Corp. by merger on

September 1, 2007. Def.'s Mot. Dismiss Ex. 3. Based on these dates, Plaintiffs' action falls

outside the one-year limitations period. Although the one-year limitations period is subject to

equitable tolling, *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984), such

tolling does not apply here. Thus, Plaintiffs' TILA claim is time-barred and will be dismissed.

**D**

Plaintiffs also argue that "Defendant is a Debt Collector by definition." Pls.' Objs. Report & Rec. 6. In particular, Plaintiffs refer to *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013) in support of their argument. In *Glazer*, the court, reversing the district court, held that "mortgage foreclosure is debt collection" under the FDCPA. *See id.* at 455. But the court affirmed the district court's ruling that the defendant bank was not a debt collector under the FDCPA because the defendant obtained the loan before the plaintiff debtor was in default. *See id.* at 457; *cf.* 15 U.S.C. § 1692a(6), (6)(F) ("The term 'debt collector' . . . does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."). Here, Defendant, through a merger involving CCO Mortgage Corp., obtained the debt before Plaintiffs were in default.[3] Thus, Defendant is not a debt collector under the FDCPA, and Plaintiffs have failed to state a claim upon which the Court could grant relief.

**E**

In their objections, Plaintiffs cite to section 750.249(3) of the Michigan Compiled Laws, which refers to the invalidation of forged records and deeds. However, subsection (3) was repealed in 2011. Moreover, subsection (3) simply states that "the circuit court shall enter an order indicating that the document is invalid and requiring a copy of the invalid document and a certified copy of the order to be recorded in the office of the register of deeds of any county where the subject property is located"; it does not prohibit anything per se. Rather, subsection (1) prohibits the uttering of forged records. But even if Plaintiffs are alleging that Defendant has

---

[3] Even if Defendant had obtained the debt via merger after Plaintiffs were in default, it still would not be considered a "debt collector" under the FDCPA. *See Brown v. Morris*, 243 F. App'x 31, 34 (5th Cir. 2007).

uttered a forged sheriff's deed and thereby violated subsection (1), there is no relevant private civil cause of action. *See Lucido v. Apollo Lanes & Bar, Inc.*, 333 N.W.2d 246, 248 (Mich. Ct. App. 1983); *Loud v. Lee Twp. Election Comm'n*, Nos. 295836, 298811, 2011 WL 4104956, at *5 (Mich. Ct. App. Sept. 15, 2011). As a result, Plaintiffs have failed to state a claim upon which the Court could grant relief.

Similarly, Plaintiffs cite to section 750.248(4), which has nearly the same language as section 750.249(3) except that it refers to making rather than uttering a forged record. Section 750.249(3) was also repealed in 2011. For the same reasons, Plaintiffs have failed to state a claim upon which the Court could grant relief.

Finally, Plaintiffs cite to section 2.149(c) of the Michigan Compiled Laws in alleging that Defendant has violated the requirements of the form of the sheriff's deed. However, there is no section 2.149, and the Court is unable to identify what statute that Plaintiffs could be referring to.[4] Thus, Plaintiffs have failed to state a claim upon which the Court could grant relief.

## V

Plaintiffs also object to Judge Binder's report and recommendation on the basis that it violates their due process rights under the Fifth Amendment and their right to a jury trial under the Seventh Amendment. In particular, Plaintiffs assert that their Fifth Amendment due process rights have been violated because "a meaningful hearing [has been] denied as in this cause."[5] Pls.' Objs. Report & Rec. 3. In addition, Plaintiffs assert that their Seventh Amendment right to a

---

[4] The only remotely possible statute is section 565.492 of the Michigan Compiled Laws, which refers to the requirements of indexing a sheriff's deed. But even assuming a violation of this section, it is unlikely that there would be a private civil cause of action. *See Lucido*, 333 N.W.2d at 248.

[5] Plaintiffs state that "[t]he Due Process claim must be dismissed." *Id.* No doubt Plaintiffs actually meant either that their due process claim must *not* be dismissed, or that Defendant's motion to dismiss Plaintiffs' due process claim should be "dismissed" (i.e., denied).

"jury of peers with the constitutional authority to judge both the facts and law in a case" has been denied. *Id.*

## A

The Court notes that Plaintiffs' due process claim was previously directed against Defendant; now Plaintiffs raise this claim against the Court. Insofar as Plaintiffs object to Judge Binder's analysis of Plaintiffs' due process claim against Defendant, the Court agrees with Judge Binder: the Fifth Amendment does not apply to private parties like Defendant; it is not a "state actor." *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) (The Fifth and Fourteenth Amendments "erect[] no shield against merely private conduct, however discriminatory or wrongful."); *cf. Malinski v. New York*, 324 U.S. 401, 415 (1945) (Frankfurter, J., concurring) ("Of course the Due Process Clause of the Fourteenth Amendment has the same meaning. To suppose that 'due process of law' meant one thing in the Fifth Amendment and another in the Fourteenth is too frivolous to require elaborate rejection."). Thus, Plaintiffs have failed to state a claim upon which the Court could grant relief.

## B

In directing their due process claim against the Court, Plaintiffs allege that their due process rights have been denied because a "meaningful hearing [has been] denied as in this cause." Pls.' Objs. Report & Rec. 3. From a review of Plaintiffs' pleadings, it is clear that Plaintiffs' conception of a "meaningful hearing" refers to an oral hearing. *See id.* at 1, 2, 4, 7, 10, 14, 16. But there is no right under the Due Process Clause to an oral hearing on a motion to dismiss. *Goodpasture v. Tenn. Valley Auth.*, 434 F.2d 760, 764 (6th Cir. 1970); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998); *see Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391 (6th Cir. 1975) (denial of oral hearing before granting motion for

summary judgment does not violate "fundamental notions of fairness and due process of law"); *Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, Inc.*, 975 F.2d 300 (6th Cir. 1992); *see also* Fed. R. Civ. Proc. 78(b) (allowing courts to "provide for submitting and determining motions on briefs, without oral hearings"). Although Plaintiffs have requested oral argument, given that Plaintiffs have had ample opportunity to present their arguments to the Court, the lack of an oral hearing does not violate fundamental notions of fairness and due process of law. Consequently, the Court has not violated Plaintiffs' due process rights.

## C

Plaintiffs also assert that their Seventh Amendment right to a "jury of peers with the constitutional authority to judge both the facts and law in a case" has been denied. Pls.' Objs. Report & Rec. 3. Plaintiffs further allege that "the use of lawyer rules, judicial rules, court rules, or otherwise trumped-up legal technicalities and instructions . . . effectively 'handcuffs' the jury." *Id.* As an initial matter, judges are responsible for identifying the law, while a jury determines the facts. *United States v. Cunningham*, 679 F.3d 355, 375 (6th Cir. 2012) (citing *United States v. Gaudin*, 515 U.S. 506 (1995)). In fact, this is a bedrock principle of the Anglo-American system of common law, extending back almost 500 years: "For the office of 12 men is no other than to enquire of matters of fact, and not to adjudge what the law is, for that is the office of the Court, and not of the jury . . . ." *Townsend's Case*, (1554) 75 Eng. Rep. 173, 178-79 (K.B.).

In addition, Plaintiffs' challenge to Judge Binder's recommendation that Defendant's Rule 12(b)(6) motion to dismiss be granted without a jury trial demonstrates that Plaintiffs misunderstand their right to a jury trial. The Seventh Amendment "*preserve[s]*" the right to a jury trial as existed during the founding of this nation; it does not grant an unconditional right to

a jury in all matters. And it is well settled that dismissal for failure to state a claim does not violate a party's right to a jury trial. *James v. Mann*, 234 F.3d 1268, at \*2 (6th Cir. 2000) (unpublished table opinion); *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214 (5th Cir. 2010); *Henry v. Jones*, 484 F. App'x 290 (11th Cir. 2012); *Winslow v. Lehr*, 646 F. Supp. 242 (D. Colo. 1986); *Allen v. Biggs*, 62 F. Supp. 229 (E.D. Penn. 1945); *see Perkins v. Spivey*, 911 F.2d 22, 28 n.6 (8th Cir. 1990) ("It is well settled that an otherwise proper ruling is not erroneous merely because it has the incidental effect of precluding a jury trial."); *cf. Fidelity & Deposit Co. of Md. v. United States*, 187 U.S. 315 (1902) (summary judgment does not violate Seventh Amendment right to jury); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365 (6th Cir. 2009) (same); *Oglesby v. Terminal Transp. Co.*, 543 F.2d 1111 (5th Cir. 1976) (same); *Garvie v. City of Ft. Walton Beach*, 366 F.3d 1186 (11th Cir. 2004) (same). Thus, the Court has not violated Plaintiffs' right to a jury trial.

## VI

Plaintiffs have submitted what the Court construes to be a motion for reconsideration to vacate the final judgment of this Court under Rule 60(b). *See* Pls.' Objs. Report & Rec. 15. But because there is not yet a final judgment, the Court will deny the motion.

## VII

Plaintiffs have no interest in the subject property and may not make any claims regarding the property against Defendant. Plaintiffs have also failed to state a claim upon which relief can be granted. Accordingly:

It is **ORDERED** that Plaintiffs' objections to the report and recommendation, ECF No. 17, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 15, is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to dismiss, ECF No. 9, is **GRANTED**.

It is further **ORDERED** that Plaintiffs' motion for a preliminary injunction, ECF No. 4, is **DENIED**.

It is further **ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 17, is **DENIED**.

It is further **ORDERED** that Plaintiffs' complaint, ECF No. 1, is **DISMISSED** with prejudice.

Dated: February 6, 2014                                 s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Alfred R. Kloss and Diana C. Kloss, at 7273 Birch Run Road, Birch Run Township, MI 48415 by first class U.S. mail on February 6, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS